IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CIVIL ACTION NO.: 3:24-cv-06024-JFA

| | |
|---|---|
| BROCK STRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| FRANK NOOJIN, MD, ) | (Jury) |
| PRISMA HEALTH d/b/a ) | |
|   PRISMA HEALTH ) | |
|   MEDICAL GROUP-MIDLANDS ) | |
|   a/k/a PRISMA HEALTH ) | |
|   ORTHOPEDICS, ) | |
| JOHN DOE and ) | |
| DOE CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff, complaining of the Defendants, alleges and states as follows:

**Parties**

1.  The Plaintiff Brock Strong ("Mr. Strong") is a foreign national domiciled and residing in Ontario, Canada.

2.  The Defendant Frank Noojin, MD ("Dr. Noojin") is a citizen and resident of the State of South Carolina.

3.  The Defendant Prisma Health is a business organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located in South Carolina. Prisma Health is a corporate medical care provider doing business in the Columbia, South Carolina geographic area under a series of trade names including Prisma Health, Prisma Health Medical Group-Midlands, and Prisma Health

Orthopedics. These Defendants are hereafter referred to collectively as "Prisma."

4.  John Doe is a person(s) who provided medical care to Mr. Strong as alleged herein whose identity is unknown and unknowable to Mr. Strong but which is known to the other Defendants.

5.  Doe Corporation is a business whose actual and apparent agents, servants, and employees were involved in Mr. Strong's medical care as alleged herein whose identity is unknown and unknowable to Mr. Strong but which is known to the other Defendants.

6.  At all times relevant to the matters alleged herein, Dr. Noojin, John Doe, and Doe Corporation were acting as the actual and apparent agents, servants, and employees of Prisma, which is legally responsible for their actions and conduct.

**Jurisdiction and Venue**

7.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that the amount in controversy exceeds $75,000 exclusive of interest, costs, and attorneys fees; and it is between individual and corporate citizens of the State of South Carolina and a subject of a foreign state (Canada) who is not lawfully admitted for permanent residence in the United States and is not domiciled in the State of South Carolina.

8.  Venue of this action in this district and division is appropriate pursuant to 28 U.S.C. §1391(b) in that the Defendants all reside in the State of South Carolina and the events giving rise to the claims alleged herein substantially occurred in the midlands of South Carolina.

**Facts**

9.  Mr. Strong suffered a left shoulder injury while a student participating in intra-

collegiate athletics at Newberry College in Newberry County, South Carolina.

10. Mr. Strong received medical care and attention for his left shoulder injury from Dr. Noojin and the other Defendants, thereby establishing a physician/patient relationship with each of them.

11. Mr. Strong was ultimately diagnosed with a condition in his left shoulder for which surgery was the recommended treatment.

12. On May 17, 2022, Mr. Strong underwent left shoulder surgery performed by Dr. Noojin at a medical care facility that was owned, operated, and managed by Prisma and staffed by, *inter alia*, John Doe and other persons (anesthesia providers, scrub techs, etc.) selected by Dr. Noojin, Prisma, and/or Doe Corporation.

13. Mr. Strong reasonably relied upon the experience and expertise of the Defendants in allowing them to solely determine who all of the medical care providers participating in his surgery would be and what role in the provision of his care each of those persons would provide.

14. Following the completion of the left shoulder surgery, Mr. Strong was instructed to participate in physical therapy.

15. Post-operatively, Mr. Strong noticed a hard "knot" near the surgical site on his left shoulder, which he brought to the attention of the Defendants.

16. At an appointment with Dr. Noojin on June 2, 2022, it was determined that there was a palpable and firm nodule on Mr. Strong's left shoulder which was most probably a retained foreign object left behind during the left shoulder surgery.

17. Dr. Noojin performed a second surgery on Mr. Strong's left shoulder on June 21, 2022.

18. During the second surgery, an object was removed from Mr. Strong's left shoulder which Dr. Noojin described as "a small piece of plastic from the cannula that was used to do the repair of the labrum from the previous surgery."

19. This plastic cannula (or fragment thereof) was not intended to be left behind following completion of the original left shoulder surgery.

20. In the medical community, retained foreign objects after surgery are considered "Never Events," meaning such events are never supposed to occur because they are preventable through the exercise of reasonable care.

21. As a direct and proximate result of the retained cannula (or fragment thereof), and the surgery required to remove it, Mr. Strong experienced various harms and losses including economic loss, pain, suffering, disability, disfigurement, loss of enjoyment of life, emotional trauma, psychological distress, and mental anguish.

22. The harms and losses Mr. Strong experienced were all the direct and proximate result of the negligent, grossly negligent, willful, wanton, and reckless actions and conduct of the Defendants, combining and contributing in the following particulars:

   a. in causing the plastic cannula to become fractured in such a manner that a fragment thereof could be left behind;

   b. in failing to remove the entire cannula from Mr. Strong's shoulder during the original left shoulder surgery;

   c. in failing to inspect the cannula at the conclusion of the original surgery to ensure that it had not become fractured;

   d. in failing to notice that the entire cannula had not been removed at the conclusion of the original left shoulder surgery;

e. in failing to ensure that the entire cannula was removed during the original shoulder surgery;

f. in failing to have in place adequate protocols and procedures necessary to ensure that no foreign object was left behind during Mr. Strong's original surgery, and in failing to follow said protocols and procedures if the same existed;

g. in failing to properly train and supervise the activities of the person(s) who was assigned the responsibility for ensuring that the cannula and all other medical devices used during the surgery were removed and accounted for at the end of the original surgery;

h. in failing to promptly determine that the "knot" on Mr. Strong's shoulder was a retained foreign object;

i. in failing to keep the cannula or fragment thereof, or send it to pathology, following its removal from Mr. Strong's shoulder;

j. in such other particulars as the evidence through discovery and trial may tend to prove or suggest.

23. Following the surgery to remove the retained cannula (or fragment thereof), the Defendants turned the bill(s) for their services in performing the second surgery over to collections so that Mr. Strong has been harassed by bill collectors demanding payment of charges that are not and should not be considered Mr. Strong's responsibility, since the second surgery was entirely due to the Defendants' failure to remove the cannula during the original left shoulder surgery. Any consequent damage to Mr. Strong's credit or reputation is the fault of the Defendants.

24. Mr. Strong is entitled to recover judgment against the Defendants, jointly and

severally, in an amount of actual damages to be determined by the trier of fact.

25.   Mr. Strong is also entitled to recover judgment agains Dr. Noojin, John Doe, and Doe Corporation, jointly and severally, in an amount of punitive damages to be determined by the trier of fact.

WHEREFORE the Plaintiff prays for judgement against the Defendants, jointly and severally, in accordance with the averments set forth herein, together with the costs of this action; and for such further legal and equitable relief as the court deems just and proper.

Respectfully submitted,

BY:   /S  Robert B. Ransom
      Robert B. Ransom
      Federal ID No. 04872
      LEVENTIS & RANSOM
      Post Office Box 11067
      Columbia, SC 29211
      (803) 765-2383

ATTORNEYS FOR THE PLAINTIFF