IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Brock Strong, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Frank Noojin, MD; Prisma Health d/b/a ) <br> Prisma Health Medical Group – Midlands ) <br> a/k/a Prisma Health Orthopedics; John ) <br> Doe; and Doe Corporation, ) <br> ) <br>     Defendants. ) <br> _____ ) | Civil Action No. 3:34-cv-06024-JFA <br><br><br><br> **ANSWER ON BEHALF OF DEFENDANTS DR. NOOJIN AND PRISMA HEALTH – MIDLANDS** <br><br> (*Jury trial demanded*) |

NOW COME Defendants Frank Noojin, MD and Prisma Health – Midlands[1] (collectively, "Prisma" or "Defendants"), in response to the Complaint (ECF No. 1) of Plaintiff Brock Strong ("Plaintiff"), to Answer as follows:

### GENERAL RESPONSE

Each and every allegation of Plaintiff's Complaint that is not hereinafter specifically admitted, modified, or explained is denied and strict proof is demanded thereof. Defendants are compelled to make a blanket denial of *any* wrongdoing on their behalf regarding the complained allegations asserted by Plaintiff in this matter.

---

[1] Plaintiff has named Defendant "Prisma Health d/b/a Prisma Health Medical Group – Midlands a/k/a Prisma Health Orthopedics." However, the proper name for this entity is "Prisma Health – Midlands."

1

**FOR A FIRST DEFENSE**

1. Plaintiff's Complaint fails to state a claim for which relief shall be granted pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure and, therefore, must be dismissed as a matter of law.

**FOR A SECOND DEFENSE**

2. As to the allegations set forth in Paragraph 1 of Plaintiff's Complaint, Defendants would show that these allegations imply or refer to parties other than Defendants. Therefore, Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof.

3. As to the allegations set forth in Paragraph 2 of Plaintiff's Complaint, Defendants would admit the allegations.

4. As to the allegations set forth in Paragraph 3 of Plaintiff's Complaint, Defendants admit only that Defendant Prisma Health – Midlands is a non-profit entity organized according to the laws of South Carolina and has a principal place of business located in South Carolina. Defendant Prisma Health – Midlands would also admit that it is a medical provider with locations throughout the Columbia, South Carolina area. Defendant Prisma Health – Midlands would note that it is a charitable organization subject to the protections afforded by the Solicitation of Charitable Funds Act. Any remaining allegations are denied, and strict proof is demanded thereof.

5. As to the allegations set forth in Paragraph 4 of Plaintiff's Complaint, Defendants are unable to identify who Plaintiff has referred to as "John Doe." Accordingly, Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof.

6. As to the allegations set forth in Paragraph 5 of Plaintiff's Complaint, Defendants

are unable to identify who Plaintiff has referred to as "Doe Corporation." Accordingly, Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof.

7. As to the allegations set forth in Paragraph 6 of Plaintiff's Complaint, Defendants admit that Defendant Dr. Noojin and other employees of Defendant Prisma Health – Midlands were acting within the course and scope of their employment. As to the allegations towards "John Doe" and "Doe Corporation," Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof. Defendants also deny any insinuations of wrongdoing and demand strict proof thereof.

8. As to the allegations set forth in Paragraph 7 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

9. As to the allegations set forth in Paragraph 8 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

10. As to the allegations set forth in Paragraph 9 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

11. As to the allegations set forth in Paragraph 10 of Plaintiff's Complaint, Defendants admit the allegations. However, any insinuation of wrongdoing is denied, and strict proof is demanded thereof.

12. As to the allegations set forth in Paragraph 11 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

13. As to the allegations set forth in Paragraph 12 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

14. As to the allegations set forth in Paragraph 13 of Plaintiff's Complaint, Defendants would show that these allegations imply or refer to parties other than Defendants. Therefore, Defendants lack sufficient knowledge or information so as to form a belief as to the truth of the allegations contained and therefore deny the allegations and demand strict proof thereof.

15. As to the allegations set forth in Paragraph 14 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

16. As to the allegations set forth in Paragraph 15 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

17. As to the allegations set forth in Paragraph 16 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

18. As to the allegations set forth in Paragraph 17 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

19. As to the allegations set forth in Paragraph 18 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

20. As to the allegations set forth in Paragraph 19 of Plaintiff's Complaint, Defendants crave reference to Plaintiff's medical records and deny any inconsistencies therewith.

21. As to the allegations set forth in Paragraph 20 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

22. As to the allegations set forth in Paragraph 21 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

23. As to the allegations set forth in Paragraph 22 of Plaintiff's Complaint, including all subparts thereto, Defendants deny the allegations and demand strict proof thereof.

24. As to the allegations set forth in Paragraph 23 of Plaintiff's Complaint, Defendants

deny the allegations and demand strict proof thereof.

24. As to the allegations set forth in Paragraph 24 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

26. As to the allegations set forth in Paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations and demand strict proof thereof.

27. As to the allegations and requested relief set forth in the "WHEREFORE" clause of Plaintiff's Complaint, Defendants deny the allegations and requested relief and demand strict proof thereof.

## FOR A THIRD DEFENSE
### (NON-COMPLIANCE WITH STATUTORY REQUIREMENTS)

28. Plaintiff's Complaint should be dismissed for failure to comply with the South Carolina Medical Malpractice Act. Specifically, because Plaintiff has failed to submit an expert affidavit, the Complaint should be dismissed.

## FOR A FOURTH DEFENSE
### (STANDARD OF CARE)

29. Defendants would show that Plaintiff's alleged injuries or damages were not the result of any departure from the generally accepted Standard of Care on the part of Defendants, and therefore, Defendants are in no way liable to Plaintiff for the matters alleged in the Complaint.

## FOR A FIFTH DEFENSE
### (INDEPENDENT/INTERVENING CAUSE)

30. Defendants would show that such injuries or damages sustained, if any, by Plaintiff are the direct and proximate cause of one or more independent, intervening causes which acts as a complete bar to this action.

## FOR A SIXTH DEFENSE
### (PHYSICAL INFIRMITIES AND NATURAL DISEASE PROCESS)

31. Any injuries or damages sustained by Plaintiff as a result of the matters alleged in

the Amended Complaint were due to and caused by Plaintiff's physical infirmities and natural disease process and acts as a complete bar to this action.

## FOR A SEVENTH DEFENSE
### (PRE-EXISTING CONDITIONS)

32. Any injuries or damages Plaintiff sustained, which are specifically denied herein, were the result of pre-existing medical conditions of Plaintiff, whether disclosed or undisclosed, and were not related to the alleged incidents complained of in Plaintiff's Complaint.

## FOR AN EIGHTH DEFENSE
### (PRE-DISPOSITION OF MEDICAL CONDITIONS)

33. Any injuries or damages Plaintiff sustained, which are specifically denied herein, were the result of Plaintiff's pre-disposition to medical conditions, whether disclosed or undisclosed, and were not related to the alleged incidents complained of in Plaintiff's Complaint.

## FOR A NINTH DEFENSE
### (DOCTRINES OF ESTOPPEL, RELEASE, CONSENT, AND WAIVER)

34. Defendants would show that the allegations of Plaintiff's Complaint are barred by the Doctrines of Estoppel, Release, Consent, and Waiver.

## FOR A TENTH DEFENSE
### (CONTROL OR RIGHT OF CONTROL)

35. Any injuries or damages sustained by Plaintiff as a result of the matters alleged in the Complaint, which are expressly denied, were caused and occasioned by events over which Defendants had no control or right of control, thereby relieving Defendants from any liability or responsibility therein.

## FOR AN ELEVENTH DEFENSE
### (PUBLIC DUTY RULE)

36. Plaintiff's Complaint fails to state a claim against Defendants in that as a matter of law, Defendants violated no duty, which is owed to Plaintiff for which Plaintiff is entitled to relief

in the form of damages.  Any duty would be owed to the public and not Plaintiff.

## FOR A TWELFTH DEFENSE
### (SOLICITATION OF CHARITABLE FUNDS ACT)

37.	Defendants would show that Prisma is a charitable organization as defined by the Solicitation of Charitable Funds Act and section 33-56-10 of the South Carolina Code.  This action is governed by the Solicitation of Charitable Funds Act, and Defendants plead all immunities and defenses available under the Act, including but not limited to, the statutory cap on damages as set forth in section 33-56-180 of the South Carolina Code, as well as the preclusion of punitive damages.

## FOR A THIRTEENTH DEFENSE
### (CONSTITUTIONAL BARS)

38.	Defendants would show, to the extent Plaintiff makes any claim for punitive damages or exemplary damages, Plaintiff's claim for punitive or exemplary damages is barred by the Constitution of the State of South Carolina and the Constitution of the United States of America.

39.	In addition to Constitutional bars, Defendants would show that they are immune from punitive damages as a matter of law pursuant to the terms and conditions of the Solicitation of Charitable Funds Act as provided in §§ 33-56-10 and 15-78-120 of the South Carolina Code.

## FOR A FOURTEENTH DEFENSE
### (LIMITATION ON PUNITIVE DAMAGES)

40.	Defendants are informed and believe that the South Carolina Solicitation of Charitable Funds Act prevents punitive damages from being assessed against them.  Nonetheless, should the Court disagree and allow the jury to determine as to whether punitive damages should be assessed against them, Defendants would assert the defenses set forth under the South Carolina Fairness and Justice Act of 2011, as codified in §§ 15-32-510, 15-32-520, 15-32-530, and 15-32-

540 *et seq.* of the South Carolina Code regarding punitive damages, included but not limited to a request for a bifurcated trial; clear and convincing evidence standards; factors for liability determinations; review of jury determinations; multiple defendants; and the cap on punitive damages as discussed in *Garrison v. Target Corp.*, 429 S.C. 324, 838 S.E.2d 18 (Ct. App. 2020).

## FOR A FIFTEENTH DEFENSE
### (STATUTES OF LIMITATION AND REPOSE)

41.  Plaintiff's lawsuit is barred by the applicable statute of limitations and/or the statute of repose.

## FOR A SIXTEENTH DEFENSE
### (COMPARATIVE NEGLIGENCE)

42.  Defendants allege, upon information and belief, that any injuries or damages allegedly suffered by Plaintiffs, without admitting the same to be true, was due to and caused entirely by the negligence of Plaintiff, which is more than Defendants' negligence, and that such is a complete bar to Plaintiff's recovery herein.

## FOR A SEVENTEENTH DEFENSE
### (NEGLIGENCE OF OTHERS)

43.  Plaintiff's damages, if any, in whole or in part, are due to the negligence of others.

## FOR AN EIGHTEENTH DEFENSE
### (NO DAMAGES AND/OR FAILURE TO MITIGATE DAMAGES)

44.  Plaintiff has failed to show that he has experienced any damages concerning matters alleged to have occurred in Plaintiff's Complaint.

45.  If Plaintiff has experienced any damages, which are expressly denied, Plaintiff should be barred from recovery or any such recovery should be reduced due to Plaintiff's failure to mitigate said damages.

## FOR A NINETEENTH DEFENSE
### (RESERVATION AND NON-WAIVER OF RIGHTS)

46. Defendants reserve any additional and affirmative defenses as may be revealed or become available to it during the course of its investigation and/or discovery in the case that is consistent with the Federal Rules of Civil Procedure.

**WHEREFORE,** having fully answered the Complaint of Plaintiff, Defendants would pray that Plaintiff's Complaint be dismissed in its entirety and that Defendants be granted costs and disbursements for the defense of said action.

**SMITH | ROBINSON**
**Smith Robinson Holler DuBose and Morgan, LLC**

*s/ Daniel C. Plyler*
Daniel C. Plyler, Fed. ID #9762
Austin T. Reed, Fed. ID #13405
3200 Devine Street
Columbia, SC 29205
(803) 254-5445
daniel.plyler@smithrobinsonlaw.com
austin.reed@smithrobinsonlaw.com

*Counsel for Defendants Frank Noojin, M.D., and Prisma Health-Midlands*

Columbia, South Carolina

January 22, 2025